NOT FOR PUBLICATION [Dkt. No. 1]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| NASIR FINNEMEN, <br><br> Plaintiff, <br><br> v. <br><br> HON. CHRISTINE TUCKER, PROSECUTOR CHERL COHEN, <br><br> Defendants. | Civil No. 15-8336 (RMB/JS) <br><br> **OPINION** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

On November 30, 2015, Plaintiff Nasir Finnemen (the "Plaintiff") initiated this civil action against Hon. Christine Tucker and Prosecutor Cherl Cohen (collectively, "Defendants"). [Dkt. No. 1-1.] In so bringing this action, Plaintiff also seeks leave to proceed without prepayment of fees and has submitted the necessary application establishing that he lacks the financial ability to pay the filing fee. [Dkt. No. 1-2.] Based upon Plaintiff's affidavit of indigence, this Court will grant his application to proceed in forma pauperis.

**I. Background**

Plaintiff's allegations are difficult to follow. He alleges that he has been in Camden Municipal Court several times

for charges against him in 2015.  (Compl. at 1.)  It appears as though, on August 31, 2015, upon a request from Plaintiff's Public Defender, Judge Tucker dismissed the case against Plaintiff because an officer involved in the case, Mr. Uricoechea, failed to appear before the court on several occasions.  (Id.)  Thereafter, Plaintiff alleges that he approached Ms. Cohen, the prosecutor in his case, and requested an audio CD purportedly recording Mr. Uricoechea using excessive force against Plaintiff.  (Id.)  Upon hearing about the dismissal of the case against Plaintiff and believing that she could quickly secure Mr. Uricoechea's immediate appearance, Ms. Cohen appeared before Judge Tucker and asked that the criminal case be reopened.  Judge Tucker granted this request.  (Id.)  Plaintiff alleges that he "believe[s] by law [Mr.] Uricoechea had to have 'serious[] emergency reasons' why he couldn't make it to [any] of his court dates for the charges he gave me." (Id.)  These are the entirety of Plaintiff's allegations.

**II.  Standard for Sua Sponte Dismissal**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must preliminarily screen in forma pauperis filings, and must dismiss any filing that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

2

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

    (1)    [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

    (2)    [A] short and plain statement of the claim showing that the pleader is entitled to relief; and

    (3)    [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

"[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 311 (3d Cir. 2009). However, in screening a complaint to verify whether it meets this standard, this Court is mindful of the requirement that pro se pleadings must be construed liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. Ed 652 (1972).

### III. Analysis

The Court will direct the filing of this Complaint, but will dismiss it without prejudice pursuant to screening under 28 U.S.C. § 1915(e)(2). As Plaintiff has on previous occasions, he is impermissibly asking this Court to sit as an appellate court for proceedings in state court. See Tammera v. Grossman, No. 10-569, 2010 WL 1372406, at *4 (D.N.J. 2010); see also Lance v. Dennis, 546 U.S. 459, 463 (2006) ("[U]nder what has come to be

3

known as the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."); Mem. Op. and Order, Finnemen v. McCrink, Civ. No. 15-5795 (RMB/JS) ("Regarding Plaintiff's allegations against Judge McCrink and Judge Wells, Plaintiff's claims against both judges appear to be based on purported errors committed by the New Jersey State Courts during his conviction and appeals.  As such, these claims are precluded by the Rooker-Feldman doctrine, barring district review of final state court judgments.").  As such, Plaintiff's claims against Judge Tucker shall not proceed.

    To the extent Plaintiff states a claim against Ms. Cohen for anything—which he does not—such a claim would be barred by prosecutorial immunity.  The Supreme Court has "held that a prosecutor is absolutely immune from damages under § 1983 for acts that are intimately associated with the judicial phase of the criminal process . . . .  Since Imbler, the Supreme Corut has held that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding . . . ." Reeves v. Hodgson, Civ. A. No. 14-4510 (MAS), 2014 WL 6895587, at *4 n.1 (D.N.J. Dec. 5, 2014) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).  As such, Plaintiff's claims against Ms. Cohen shall not proceed.

4

In light of the above analysis, Plaintiff's allegations as contained in his Complaint do not state a cause of action, and the Complaint will be **DISMISSED WITHOUT PREJUDICE.**  Plaintiff may seek to file an amended complaint within thirty (30) days of the entry of the Order accompanying this Opinion remedying the deficiencies outlined above, if he so chooses.
DATED: April 12, 2016

                                    s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    United States District Judge